IN THE UNITED STATES DISTRICT COURT
                         FOR THE DISTRICT OF KANSAS

**KELLI JO MAY,**

                **Petitioner,**

        v.                               CASE NO.  07-3102-RDR

**RICHARD D. KOERNER,**

                **Respondent.**


                                **O R D E R**

    This petition for writ of habeas corpus was filed pursuant to 28 U.S.C. 2241 by a federal inmate confined at the Topeka Correctional Facility, Topeka, Kansas.  The filing fee has been paid.

**CLAIMS**

    As grounds for this Petition, Ms. May argues that her federal sentence is unconstitutional.  She also claims that the United States Bureau of Prisons (BOP) has miscalculated her sentence due to its erroneous interpretation of 28 U.S.C. 3624(b) with regard to the award of good time credit.

**CHALLENGE TO CONVICTION AND SENTENCE**

    Petitioner seeks to challenge her 1999 sentence entered in the United States District Court for the Central District of Illinois upon jury convictions of armed bank robbery, carrying a firearm, and possession of a firearm by a felon.  She argues her sentence to a

five-year term of supervised release violates the double jeopardy clause because it, like probation, is a "sentence in and of itself." Thus, she claims the five-year supervised release term must have been included in her 147 months sentence, instead of added to it. She also claims her due process and equal protection rights have been violated.

Ms. May alleges she appealed her convictions, and they were affirmed by the United States Court of Appeals for the Seventh Circuit on June 6, 2000.  She further alleges her Petition for Writ of Certiorari was denied by the U.S. Supreme Court on October 2, 2000.  She does not allege that she raised these claims on direct appeal.

This particular challenge is obviously an attack upon petitioner's sentence entered in the United States District Court for the Central District of Illinois.  28 U.S.C. § 2255 pertinently provides:

> A prisoner in custody under sentence of a (federal) court . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . or is otherwise subject to collateral attack, may move the court which imposed the sentence to vacate, set aside or correct the sentence."

Id. That section additionally provides:

> An application for writ of habeas corpus in behalf of a prisoner who is authorized to apply for relief by motion pursuant to this section, shall not be entertained if it appears that the applicant has failed to apply for relief, by motion, to the court which sentenced him . . . . unless it also appears that the remedy by motion is inadequate or ineffective to test the legality of his detention."

Id.  A motion under § 2255, which must be filed in the district that

2

imposed sentence, is the "exclusive remedy" for challenging a conviction or sentence unless there is a showing that the remedy is inadequate or ineffective[1].  See 28 U.S.C. § 2255; ( Haugh v. Booker, 210 F.3d 1147, 1149 (10th Cir. 2000).  That remedy is inadequate or ineffective only in "extremely limited circumstances." Caravalho v. Pugh, 177 F.3d 1177, 1178 (10th Cir. 1999).  That a § 2255 motion has already been denied by the sentencing court, or may be barred by the applicable one-year statute of limitations[2], does not render the § 2255 remedy inadequate or ineffective.  This court does not have jurisdiction to hear Ms. May's challenges to the legality of her sentence.  Haugh, 210 F.3d at 1150.  She will be given time to show cause why these claims should not be dismissed for lack of jurisdiction.

**CHALLENGE TO EXECUTION OF SENTENCE**

As her second ground, Ms. May claims the BOP has erroneously interpreted 28 U.S.C. § 3624(b) in calculating her statutory good time credits.  This claim amounts to a challenge to the execution of

---

[1] A § 2241 Petition "is not an additional, alternative, or supplemental remedy to the relief afforded by motion in the sentencing court under § 2255." Williams v. United States, 323 F.2d 672, 673 (10th Cir. 1963)(per curiam), cert. denied, 377 U.S. 980 (1964).

[2] It appears from the face of the Petition that Ms. May's § 2255 challenge to her sentence may be time-barred unless she can show statutory or equitable tolling to the sentencing court.  As a result, this court finds it would not be in the interest of justice to treat this claim as a § 2255 motion and transfer it to the sentencing court.

her sentence, which is properly raised under 28 U.S.C. § 2241[3]. However, petitioner alleges she did not seek administrative relief on this claim.  It is well-settled that a federal prisoner seeking relief in a § 2241 petition must fully exhaust the administrative remedies available within the Bureau of Prisons before proceeding in federal court.  Petitioner will be given time to show cause why this claim should not be dismissed for failure to show exhaustion of administrative remedies.

The court liberally construes the petition to name the United States Bureau of Prisons as an additional respondent, and will order that the petition be amended to so reflect.

**IT IS THEREFORE ORDERED** that the petition is amended to include the United States Bureau of Prisons as an additional respondent.

**IT IS FURTHER ORDERED** that petitioner is granted twenty (20) days in which to show cause why her claim challenging her sentence should not be dismissed for lack of jurisdiction; and to show cause why her claim challenging calculation of her good time credit should not be dismissed for failure to show exhaustion of administrative remedies.

**DATED:  This 14th day of May, 2007, at Topeka, Kansas.**

                              **s/RICHARD D. ROGERS**
                              **United States District Judge**

---

[3]   A § 2241 petition has a distinct purpose from a § 2255 motion, as it attacks the execution of a sentence rather than its validity.